# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-60700
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 1, 2020

Lyle W. Cayce
Clerk

SAURABH KARKI,

Petitioner

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A201 679 041

Before WIENER, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Saurabh Karki, a citizen of Nepal, applied for asylum, withholding of removal, and relief the under the Convention Against Torture (CAT). An immigration judge refused to grant that relief, and the Board of Immigration Appeals (BIA) affirmed that order. We also AFFIRM.

We review the factual determination that an alien is not eligible for asylum, withholding of removal, or CAT relief under the substantial evidence

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

standard. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Under this standard, "reversal is improper" unless we decide "not only that the evidence supports a contrary conclusion, but also that the evidence *compels* it." *Id.* (internal quotation marks and citations omitted); *see* 8 U.S.C. § 1252(b)(4)(B).

Karki has not met this standard. As to past persecution, the BIA found that Karki failed to establish that the Nepalese government was unwilling or unable to control Karki's alleged persecutors. We find that the evidence does not compel a contrary conclusion. *See Mikhael v. I.N.S.*, 115 F.3d 299, 304 (1997). As to any well-founded fear of future persecution, the BIA found that Karki had not shown that he was unable to relocate to another region of Nepal to avoid any alleged persecution. Karki has failed to adequately brief any challenge to the BIA's findings regarding Karki's ability or inability to relocate; accordingly, he has abandoned the issue. *See United States v. Scroggins*, 599 F.3d 433, 446-47 (5th Cir. 2010); *Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003). In light of the foregoing, Karki has not shown error in connection with the rejection of his asylum claim. *See Chen*, 470 F.3d at 1134.

Because Karki does not "meet the bar for asylum," his withholding of removal claim likewise fails. *Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002). His CAT claim fails because he fails to show that the evidence compels the conclusion, contrary to the BIA's findings, that the harms that he suffered rise to the level of torture and that the Nepalese government acquiesced or would acquiesce in any alleged harmful acts. *See Martinez Manzanares v. Barr*, 925 F.3d 222, 228-29 (5th Cir. 2019).

For these reasons, the petition for review is DENIED. Because we deny his petition, Karki's motion for stay pending review is DENIED as moot.